IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. |
| Plaintiff, | : | |
| v. | : | 24-0047 |
| MATTHEW SHOFFSTALL, | : | INDICTMENT MICHAEL J. NEWMAN |
| Defendant. | : | 18 U.S.C. § 875(d)<br>18 U.S.C. § 1512(c)(1)<br>18 U.S.C. §§ 2252(a)(2) and (b)(1)<br>18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) |

**THE GRAND JURY CHARGES THAT:**

### COUNT 1: Interstate Threats (Extortion)
[18 U.S.C. 18 U.S.C. § 875(d)]

On or about March 13, 2024, in the Southern District of Ohio, the defendant **MATTHEW SHOFFSTALL**, transmitted in interstate and foreign commerce, with the intent to extort from Minor A any thing of value, a communication containing a threat to injure the reputation of Minor A.

All in violation of Title 18, United States Code, Section 875(d).

### COUNT 2: Receipt of Child Pornography
[18 U.S.C. §§ 2252(a)(2) and (b)(1)]

On or about March 28, 2024, in the Southern District of Ohio, the defendant **MATTHEW SHOFFSTALL** knowingly received any visual depiction using any means and facility of interstate and foreign commerce, that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means including by computer; and the production of such

visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct.

All in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

### COUNT 3: Distribution of Child Pornography
### [18 U.S.C. §§ 2252(a)(2) and (b)(1)]

On or about April 4, 2024, in the Southern District of Ohio, the defendant, **MATTHEW SHOFFSTALL**, knowingly distributed any visual depiction using any means and facility of interstate and foreign commerce, that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct.

All in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

### COUNT 4: Possession of Child Pornography
### [18 U.S.C. §§ 2252(a)(4)(B) and (b)(2)]

On or about April 14, 2024, in the Southern District of Ohio, the defendant **MATTHEW SHOFFSTALL**, knowingly possessed and accessed with the intent to view at least one matter which contains any visual depiction that had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce, including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct.

All in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2).

### COUNT 5: Attempted Tampering with Evidence
### [18 U.S.C. 18 U.S.C. § 1512(c)(1)]

During a period of time beginning on or about April 14, 2024 though on or about April 15, 2024, in the Southern District of Ohio, the defendant **MATTHEW SHOFFSTALL** did corruptly attempt to alter, destroy, mutilate and conceal a record, document or other object, to wit: the contents of a Samsung cellular telephone, with the intent to impair its integrity and availability for use in an official proceeding.

All in violation of Title 18, United States Code, Section 1512(c)(1).

## FORFEITURE ALLEGATION

Upon conviction of any offense set forth in this Indictment, the defendant **MATTHEW SHOFFSTALL**, shall forfeit to the United States pursuant to 18 U.S.C. § 2253(a): (1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18 of the United States Code; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property, including but not limited to:

(1) Samsung cellular telephone, IMEI 355149497961421.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

3

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL

_____
FOREPERSON

KENNETH L. PARKER
United States Attorney

*[signature]*
CHRISTINA MAHY
Assistant United States Attorney